Cynthia Z. Levin, Esq. (PA 27070)
Law Offices of Todd M. Friedman, P.C.
1150 First Avenue, Suite 501
King of Prussia, PA 19406
Phone: 888-595-9111 ext 618
Fax: 866 633-0228
clevin@attorneysforconsumer.com
Attorney for Plaintiff

# UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **JOHN MINNICK,** | Case No. |
| Plaintiff, | **COMPLAINT FOR VIOLATION OF THE FEDERAL FAIR DEBT COLLECTION PRACTICES ACT** |
| vs. | |
| **ESTATE RECOVERIES, INC.,** | |
| Defendant. | |

## I. INTRODUCTION

1. This is an action for damages brought by an individual consumer for Defendant's violations of the Fair Debt Collection Practices Act, 15 U.S.C. §1692, *et seq*. (hereinafter "FDCPA"), which prohibit debt collectors from engaging in abusive, deceptive, and unfair practices.

## II. JURISDICTION

2. Jurisdiction of this Court arises under 15 U.S.C. §1692k (d).

Complaint - 1

## III. PARTIES

3. Plaintiff, John Minnick ("Plaintiff"), is a natural person residing in Potter county in the state of Pennsylvania, and is a "consumer" as defined by the FDCPA, 15 U.S.C. §1692a(3).

4. At all relevant times herein, Defendant, Estate Recoveries, Inc., ("Defendant") was a company engaged, by use of the mails and telephone, in the business of collecting a debt from Plaintiff which qualifies as a "debt," as defined by 15 U.S.C. §1692a(5). Defendant regularly attempts to collect debts alleged to be due another, and therefore is a "debt collector" as defined by the FDCPA, 15 U.S.C. §1692a(6).

## IV. FACTUAL ALLEGATIONS

5. At various and multiple times prior to the filing of the instant complaint, including within the one year preceding the filing of this complaint, Defendant contacted Plaintiff in an attempt to collect an alleged outstanding debt.

6. In October 2010, Defendant initially contacted Plaintiff in connection with an attempt to collect an alleged debt.

7. On at least one occasion, Defendant threatened that failure to pay an alleged debt would result in the seizure of Plaintiff's property, including but not limited to, threatening Plaintiff that Defendant would go to his residence and take all of his belongings.

8. Defendant threatened to take an action that was not actually intended to be taken or that cannot be legally taken, including but not limited to, threatening to seize Plaintiff's property, where no judgment has been taken against Plaintiff.

9. Defendant engaged in conduct the natural consequence was to harass, oppress, and abuse Plaintiff, including but not limited to, threatening Plaintiff to pay the alleged debt, during the time shortly after the death of Plaintiff's wife, where Plaintiff was still grieving.

10. Defendant's conduct violated the FDCPA in multiple ways, including but not limited to:

a) Falsely representing the character, amount, or legal status of Plaintiff's debt (§1692e(2)(A));

b) Falsely representing or implying that nonpayment of Plaintiff's debt would result in the seizure, garnishment, attachment, or sale of Plaintiff's property or wages, where such action is not lawful or Defendant did not intend to take such action (§1692e(4));

c) Threatening to take an action against Plaintiff that cannot be legally taken or that was not actually intended to be taken (§1692e(5));

d) Using false representations and deceptive practices in connection with collection of an alleged debt from Plaintiff (§1692e(10);

e) Using unfair or unconscionable means against Plaintiff in connection with an attempt to collect a debt (§1692f)); and

    f) Engaging in conduct the natural consequence of which is to harass, oppress, or abuse Plaintiff (§1692d)).

11. As a result of the above violations of the FDCPA Plaintiff suffered and continues to suffer injury to Plaintiff's feelings, personal humiliation, embarrassment, mental anguish and emotional distress, and Defendant is liable to Plaintiff for Plaintiff's actual damages, statutory damages, and costs and attorney's fees.

## COUNT I: VIOLATION OF FAIR DEBT COLLECTION PRACTICES ACT

12. Plaintiff reincorporates by reference all of the preceding paragraphs.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully prays that judgment be entered against the Defendant for the following:

    A. Declaratory judgment that Defendant's conduct violated the FDCPA;
    B. Actual damages;
    C. Statutory damages;
    D. Costs and reasonable attorney's fees; and,
    E. For such other and further relief as may be just and proper.

**PLAINTIFF HEREBY REQUESTS A TRIAL BY JURY**

Respectfully submitted this 23rd day of June, 2011.

By: /s Cynthia Z. Levin
**Cynthia Z. Levin, Esq. (PA 27070)**
**Law Offices of Todd M. Friedman, P.C.**
**1150 First Avenue, Suite 501**
**King of Prussia, PA 19406**
**Phone: 888-595-9111 ext 618**
**Fax: 866 633-0228**
**clevin@attorneysforconsumer.com**
**Attorney for Plaintiff**